# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1232

_____

Maximiliano Horacio Aguilar-Ramos,    *
                                         *

           Petitioner,            *

                                        *

        v.                       *    Petition for Review

                                         *    of an Order of the

Alberto Gonzales,[1] Attorney General    *    Board of Immigration Appeals.

of the United States,                    *

                                         *    [UNPUBLISHED]

           Respondent.         *

_____

Submitted: June 2, 2006
Filed: June 7, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Maximiliano Aguilar-Ramos (Aguilar-Ramos) petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of Aguilar-Ramos's application for asylum and withholding of removal. For reversal, Aguilar-Ramos argues the BIA erred by adopting the IJ's findings because he was kidnapped by guerillas in Guatemala and held against his will for two weeks,

_____

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

which constituted psychological harassment and regardless of the guerillas' intentions, the totality of the circumstances show Aguilar-Ramos was persecuted on account of his imputed "anti-guerilla" political opinion. Aguilar-Ramos claims he also has a reasonable fear of future persecution because the guerillas may kidnap him again or harm him for escaping. Finally, Aguilar-Ramos newly asserts an ineffective assistance of counsel claim. For the reasons discussed below, we deny the petition.

We review for substantial evidence. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 919 (8th Cir. 2004). We conclude a reasonable factfinder could have found Aguilar-Ramos was not a victim of past persecution, because there was no evidence Aguilar-Ramos was kidnapped by the guerillas for any reason other than recruitment. See INS v. Elias-Zacarias, 502 U.S. 478, 479-80, 482-84 (1992) (holding forced recruitment by guerrilla organization does not necessarily equate with persecution on account of political opinion).

We also conclude a reasonable factfinder could have found Aguilar-Ramos lacks a well-founded fear of future persecution. The Country Report for Guatemala indicates that, since Aguilar-Ramos's departure, the government and the guerrillas have signed peace accords and there is no evidence of continued recruitment by the guerrillas. See Gomez v. Gonzales, 425 F.3d 543, 546-47 (8th Cir. 2005) (affirming finding of no well-founded fear of persecution because of, *inter alia*, improved country conditions in Guatemala); Melecio-Saquil v. Ashcroft, 337 F.3d 983, 987 (8th Cir. 2003) ("dramatic changes in Guatemala after the 1996 peace accords prevent[] dated events from translating into an objectively reasonable fear of persecution").

Aguilar-Ramos's request for withholding of removal necessarily fails as well, see Turay v. Ashcroft, 405 F.3d 663, 667 (8th Cir. 2005) (withholding of removal standard is more rigorous than asylum standard), and Aguilar-Ramos's newly asserted ineffective assistance claim is not reviewable, see Etchu-Njang v. Gonzales, 403 F.3d 577, 583-84 (8th Cir. 2005) ("[A]n alien must present a claim of ineffective assistance

to the BIA, either on direct administrative appeal or in a motion to reopen, before he may obtain judicial review of the claim.").

Accordingly, we deny the petition. Aguilar-Ramos moved for a stay of removal before his voluntary departure period expired, and we therefore deem this court's grant of his unopposed motion to include a stay of the voluntary departure period as well. <u>See</u> <u>Rife v. Ashcroft</u>, 374 F.3d 606, 616 (8th Cir. 2004).

_____